AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>TOBIN LAMAR LYON, II,<br>a/k/a "Tobe Kasa,"<br><br>*Defendant(s)* | )<br>)<br>)   Case No.  13-6167-SNOW<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 26, 2013 - March 23, 2013** in the county of **Broward** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1029(a)(3) | Fraud in connection with access devices. |

This criminal complaint is based on these facts:
**SEE ATTACHED AFFIDAVIT**

☑ Continued on the attached sheet.

*Complainant's signature*

Julie Nicholson, IRS-CI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/9/13

*Judge's signature*

City and state: Fort Lauderdale, Florida

Lurana S. Snow, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Julie Nicholson, being duly sworn, states as follows:

1. I am a Special Agent with Internal Revenue Service, Criminal Investigation (IRS-CI) and have been so employed since 1991. I am currently assigned to the Miami Field Office in Plantation, Florida post of duty. I conduct investigations of potential violations of the Internal Revenue Code and related financial crimes including Title 18 and Title 31 of the United States Code.

2. The statements contained in this affidavit are based upon my own personal knowledge, as well as information provided to me by other law enforcement officials and employees of IRS-CI. Because this affidavit is submitted for the limited purpose of establishing probable cause for the criminal complaint, I have not included in this affidavit each and every fact known to me about the investigation.

3. On February 26, 2013, a cooperating witness ("CW") informed me that he had been receiving personal identification information ("PII") belonging to actual persons from TOBIN LAMAR LYON II, a/k/a "Tobe Kasa" ("LYON") for the purpose of filing fraudulent tax returns. The CW explained that LYON worked at the Social Security office in Charlotte, North Carolina, and therefore had access to the names, addresses, dates of birth, and Social Security Numbers ("SSN") of individuals that the CW could use to file fraudulent tax returns.

4. According to the CW, the typical medium for the CW to obtain the PII from LYON was through a number of different email accounts that either LYON or the CW or others had set up for this purpose. According to the CW, LYON would access one of these email accounts, type out the PII, and save it as a "draft" email in the designated email account. The

1

CW would then retrieve the PII from the "Drafts" folder in the designated email account.

5. On February 26, 2013, the CW placed a consensually monitored telephone call to LYON at telephone number 862-579-5155. This call was audio recorded. During the call, the CW asked LYON to provide the PII of 75 to 100 individuals to the "Philjackson" email account. According to the CW, LYON knew that the "Philjackson" account was Yahoo! email account Philjacksonbaby@yahoo.com that the CW and LYON had previously used for their scheme. The CW executed a written consent for IRS-CI special agents to access various email accounts that the CW controlled, including the Philjacksonbaby@yahoo.com email account.

6. On February 27, 2013, IRS-CI special agents accessed Yahoo! email account Philjacksonbaby@yahoo.com using the password provided by the CW. An analysis of the Philjacksonbaby@yahoo.com email account revealed that LYON did not save the PII as a "draft" email as he had done in the past. Indeed, a search of the "Inbox" folder for the Philjacksonbaby@yahoo.com account revealed an email received at 8:56 a.m. on February 27, 2013, from "Tobin.Lyon2@me.com," with a subject line of "62-71." The body of the email contained the names, addresses, SSNs and dates of birth of 10 individuals. The list of PII came in the form of multiple photographs of a computer screen. I confirmed with Apple.com that the Apple address Tobin.Lyon2@me.com belongs to LYON.

7. On February 27, 2013, at 1:53 p.m., the CW placed another consensually monitored telephone call to LYON at 862-579-5155, requesting LYON to resend the PII to the "Philjackson" account because the email account did not contain the 75 to 100 individuals as requested by the CW. This call was also audio recorded.

8. Subsequently, IRS-CI special agents accessed the Philjacksonbaby@yahoo.com account and found 11 additional emails in the "Inbox" folder received from Yahoo! email

2

account Tarheels4Lyfe@ymail.com. According to the emails, these messages were received between 4:48 p.m. and 4:56 p.m. on February 27, 2013. The subject lines for each of the 11 emails were as follows: "1-9," "10-18," "19-27," "28-35," "36-44," "45-53", "54-61," "72-79," "89-97," "98-106," "107-108." An analysis of the emails revealed the names, addresses, SSNs, and dates of birth of 89 additional individuals. As with the prior email communication, the list of PII likewise came in the form of photographs of a computer screen.

9. On March 22, 2013, the CW made another consensually monitored telephone call to LYON requesting additional identities. This phone call was also audio recorded. The CW directed LYON to use the "twochains" email account. The "twochains" account is Yahoo! email account twochains720@yahoo.com set up by the CW. According to the CW, he had previously promised to give LYON $50,000 for providing the PII once the tax refunds were received from the fraudulent returns. However, during the March 22nd call, the CW told LYON that some of the previously filed returns had yielded refunds, and therefore he would give LYON $1,000 now. LYON then texted to the CW his bank account information, which was Bank of America account number 237018967050. LYON also texted to the CW his zip code, 28269, as that is required to be able to deposit money into an out-of-state bank account. I verified the information sent by LYON via text message on the CW's phone.

10. Subsequently, I went to Bank of America branch located at 1333 South University Drive, Plantation, FL, to deposit the $1,000 into LYON's Bank of America account. I filled out a standard deposit slip and gave it to the teller. The teller then inquired whether this was an out-of-state account, to which I replied in the affirmative. I then witnessed the teller access the account information on a computer and fill out a new deposit slip containing the name "Tobin Lyon II" and address "Kotz Court Apartment 237." I verified that this was LYON's address.

3

11. On March 24, 2013, IRS-CI special agents accessed the Yahoo! email account twochains720@yahoo.com. The "Inbox" folder revealed two emails received on March 23, 2013, from Tarheels4Lyfe@ymail.com. An analysis of the emails revealed the names, addresses, SSNs, and dates of birth of 19 additional individuals. As with the prior email communications, the list of PII likewise came in the form of photographs of a computer screen. The subject lines for the two emails were as follows: "Fwd: 1-9," "Fwd: 10-19."

12. Further investigation revealed that telephone number 862-579-5155 is associated with a mobile telephone belonging to LYON. The investigation also revealed that LYON did not work for the Social Security office as believed by the CW. Rather, LYON was an employee of Teachers Insurance and Annuity Association ("TIAA-CREF"), a financial services company specializing in providing retirement services to those in the academic, research, medical and cultural fields. LYON worked as a service representative in TIAA-CREF's Charlotte, North Carolina office. As an employee of TIAA-CREF, LYON had access to the names, addresses, SSNs and dates of birth of TIAA-CREF's clients.

13. During the course of this investigation, I contacted TIAA-CREF to confirm LYON's identity and advise TIAA-CREF that LYON was jeopardizing the security and identities of its clients. The person in charge of security for TIAA-CREF in the Charlotte, North Carolina office advised me that prior to my contact with him, he had received an allegation on their anonymous tip line that LYON had been observed taking photographs of his computer screen with his phone. According to this security officer, TIAA-CREF's video surveillance subsequently confirmed the allegation.

14. Based on the foregoing, your affiant states there is probable cause to believe that TOBIN LAMAR LYON II, in connection with the transfer of stolen identity information, did

4

knowingly and with intent to defraud possess fifteen or more unauthorized access devices, said possession affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(3).

Julie J. Nicholson
Special Agent
Internal Revenue Service, Criminal Investigation

Sworn to and subscribed before me
This 9 day of April, 2013

THE HONORABLE LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE